18-48-cr
United States v. Asaro

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand and nineteen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges*,
> PAUL G. GARDEPHE,
> *District Judge.*[*]

---

United States of America,

> *Appellee*,

v.                                                                                         18-48-cr

John J. Gotti, Michael Guidici, Matthew Rullan,
AKA Fat Matt,
> *Defendants*,

Vincent Asaro,

> *Defendant-Appellant*.

---

[*] Paul G. Gardephe, United Stated District Judge for the Southern District of New York, sitting by designation.

*For Appellee*:          KEITH D. EDELMAN, Assistant United States Attorney, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

*For Defendant-Appellant*:      RICHARD M. LANGONE, Langone & Associates, PLLC, Garden City, New York.

Appeal from a judgment entered January 4, 2017 in the Eastern District of New York. (Ross, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Vincent Asaro appeals from the district court's judgment sentencing him to 96 months' imprisonment and three years' supervised release following his conviction for using a telephone to facilitate arson, in violation of the Travel Act, 18 U.S.C. § 1952 (a)(3)(B). We assume the parties' familiarity with the underlying facts and procedural history, which we describe only as necessary to explain our decision to affirm.

We review a district court's sentencing decision for reasonableness under an abuse-of-discretion standard. *United States v. Skys*, 637 F.3d 146, 152 (2d Cir. 2011). In so doing, we review factual findings for clear error and rulings of law *de novo*. *United States v. Pica*, 692 F.3d 79, 89 (2d Cir. 2012). The district court did not exceed the bounds of its discretion when it sentenced Asaro to 96 months' imprisonment followed by 3 years' supervised release.

The principle articulated in *United States v. Watts*, 519 U.S. 148, 157 (1997), that "a jury's verdict of acquittal does not prevent the sentencing court from

2

considering conduct underlying the acquitted charge, so long as that conduct has been proven by a preponderance of the evidence," guides our decision in this case. An acquittal does not necessarily mean a jury found the defendant innocent; rather it indicates there exists reasonable doubt as to his guilt. *Id.* at 155. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we reaffirmed that under *Watts* a district court may consider acquitted conduct at sentencing. *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005) (holding that "district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct." (internal citations omitted)).

The district court did not err when it considered acquitted conduct in sentencing Asaro. The court found Asaro's long history of violent behavior to be proven by "not only just a preponderance of the evidence but by overwhelming evidence" based on Asaro's 2015 RICO trial at which the government presented evidence of crimes alleged to have been committed by Asaro during a period of over forty years. App. 153. While acknowledging that *Watts* allows sentencing judges to consider acquitted conduct, Asaro argues that judges may only consider *related* acquitted conduct and that Asaro's past alleged crimes are not related to the present crime because the arson was "the result of a personal vendetta fueled by road rage." Appellant's Br. 25.

We are not persuaded. Under *Watts*, the distinction between unrelated and related conduct is irrelevant. In *Watts*, the Supreme Court approved the consideration of acquitted conduct at sentencing as evidence of the defendant's

3

"character and conduct," holding that such consideration would not "result in 'punishment' for any offense other than the one of which the defendant was convicted," but rather would recognize that the "present offense was carried out in a manner that warrants increased punishment." 519 U.S. at 155. Here, although the 1969 murder and the 1978 robbery did not "stem from a common nucleus of operative fact" as the 2012 arson offense, those earlier offenses nevertheless informed the court's assessment of the danger Asaro posed to the community, in light of his "lifelong history of violent crime," and spoke to the level of specific deterrence needed—each of which the court found relevant under §3553(a) in exactly the way approved by *Watts*. That history also informed the district court's understanding of the seriousness of the present crime. Asaro's insistence that the instant offense "was not an organized crime-related [crime]" is belief by the fact that he used organized-crime associates whom he could command because of his status as a crime boss. The crime was thus not merely an isolated instance, however reprehensible, of road rage, but an example of his continued ability to exert the power of the underworld to intimidate and harm law-abiding citizens.[1]

Asaro also asserts defense counsel was ineffective when counsel failed to advise him about the possibility that the judge may rely on acquitted conduct when imposing

---

[1] Even if we accept Asaro's argument that a sentencing judge cannot consider unrelated acquitted conduct, his claim is without merit. This arson and his past conduct are related because all of his relevant actions involve organized crime. Asaro relied on crime family associates to carry out the arson of John Doe's car—every single individual involved was affiliated with a local crime family. Asaro may have been personally offended when John Doe cut his car off, yet Asaro utilized his crime family connections to carry out the arson.

a sentence. Asaro asks that we hold this appeal in abeyance and remand to the district court for an evidentiary hearing on that claim.

When faced with an ineffective assistance of counsel claim on direct appeal, "we may do one of three things: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent §2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *Billy-Eko v. United States*, 8 F.3d 111 (2d Cir. 1993). This circuit has a "baseline aversion to resolving ineffectiveness claims on direct appeal." *United States v. Leone*, 215 F.3d 253, 256 (2d Cir. 2000). This aversion, however, is not a rigid rule and "in no way limits our discretion to hear an ineffective assistance of counsel claim on direct appeal, or, when appropriate, to remand such a claim" for further fact-finding. *Id.*

On the record before us, we do not have the facts necessary to assess appropriately Asaro's ineffective assistance of counsel claim.[2] We thus refrain from deciding it.

We have considered Asaro's remaining arguments and find them to be without merit.

The judgment is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Whether Asaro's trial counsel would have informed him of the possibility that the acquitted conduct could be considered at sentencing and whether knowing that he would have definitely gone to trial is beyond the record before us.

5